**NOTE: CHANGES MADE BY COURT**

# JS-6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PETUNIA PRODUCTS, INC. doing business as BILLION DOLLAR BROWS, a California corporation, | Case No. 8:22-cv-02161-FWS-JDE |
| Plaintiff, | Assigned to: Honorable Judge Fred W. Slaughter |
| v. | **ORDER GRANTING STIPULATED PERMANENT INJUNCTION [19]** |
| DATHNEY RAVENELL, an individual, doing business as AVACLUXE; and DOES 1 through 20, | |
| Defendants. | |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

The Court, having reviewed the Stipulation for the Entry of a Permanent Injunction by and between Plaintiff PETUNIA PRODUCTS, INC. doing business as BILLION DOLLAR BROWS ("Plaintiff"), by and through its counsel of record, Defendant DATHNEY RAVENELL doing business as AVACLUXE, in *pro per* ("Defendant")(collectively the "Parties"), and for good cause appearing, hereby orders as follows:

1

WHEREAS, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367;

## STIPULATED FACTS

WHEREAS, the Parties stipulate and agree to the following facts:

1.   This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the Parties, and venue is proper.

2.   Plaintiff is an international cosmetics company who conducts business and manufactures, distributes, markets, offers for sale, and sells its cosmetic products under the Billion Dollar Brows® and Billion Dollar Beauty® trademarks.

3.   Plaintiff owns all right, title, and interest in the FOREVER LASH® trademark which is the subject of United States Trademark Registration No. 3116844 (Reg. July 18, 2006). The validity of Plaintiff's FOREVER LASH® trademark and the incontestability of Plaintiff's Trademark Registration No. 3116844 are hereby acknowledged by Defendant.

4.   Like Plaintiff, Defendant manufactures, distributes, markets, offers for sale, and sells cosmetic products.

5.   In or about June 2021, Defendant released to the public for sale a cosmetic product utilizing the words, FOREVER LASH.

6.   On or about November 30, 2022, Plaintiff filed a complaint against Defendant in the United States District Court for the Central District of California, alleging causes of action for Federal Trademark Infringement in Violation of 15 U.S.C. § 1114, False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a), Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c)(1), and False Advertising in Violation of Cal. Business & Professions Code §17500, *et seq*.

7.   The Parties now desire to resolve all existing and potential disputes fully and finally between them arising out of the facts detailed herein above without further litigation.

8.   As part of that resolution, the Parties intend to enter a Stipulated Permanent Injunction as enumerated below.

**IT IS HEREBY ORDERED:**

NOW, THEREFORE it is stipulated and agreed by and between the Parties that:

1.     Judgment is hereby entered in favor of Plaintiff against Defendant on all claims asserted by Plaintiff against Defendant.

2.     The Parties agree that Plaintiff PPI owns all right, title, and interest in the FOREVER LASH® trademark which is the subject of U.S. Trademark Reg. No. 3116844 (Reg. Date July 18, 2006).

3.     Defendant, including any of its members, owners, principals, officers, directors, lawyers, employees, agents, persons, or entities acting on its behalf, whether individually or collectively, and/or predecessors in interest, and/or all persons or entities acting in concert with it or under its direction and control are permanently enjoined from, commencing March 15, 2023 (the "Effective Date"), from directly or indirectly doing, aiding, causing, or abetting any of the following:

a.     Infringing Plaintiff's trademark rights in the FOREVER LASH® trademark. Specifically, Defendants are permanently enjoined from:

i.  Using any reproduction, counterfeit, copy, or colorable imitation of the FOREVER LASH® trademark, including the words "Forever" and "Lash" in immediate succession, in connection with the advertising, distribution, offering for sale, or sale of cosmetic products similar to the Forever Lash cosmetic product(s) offered by Plaintiff, its successors and/or assigns (hereinafter, "Forever Lash Cosmetic Products"), likely to be confused with the Forever Lash Cosmetic Products or likely to harm Plaintiff, its successors and/or assigns, in its business, reputation, goodwill, or the reputation and goodwill of the FOREVER LASH® trademark;

ii.  Using any reproduction, counterfeit, copy, or colorable imitation of the FOREVER LASH® trademark in any manner likely to cause confusion, to cause mistake, or to deceive the public;

iii.  Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any

3

cosmetic product similar to the Forever Lash Cosmetic Products using a name or mark the same as or similar to Plaintiff's FOREVER LASH® trademark;

iv. Committing any acts calculated to cause customers or consumers to believe that Defendant's products and/or services are approved, licensed, sponsored by, or endorsed by Plaintiff, its successors and/or assigns;

v. Otherwise competing unfairly with Plaintiff, its successors and/or assigns in any manner, including, but not limited to, infringing usage of Plaintiff's FOREVER LASH® trademark, or any confusingly similar marks; and

vi. Engaging in false advertising with respect to FOREVER LASH® Cosmetic Products and/or otherwise making false statements that denigrate the quality of the Forever Lash Cosmetic Products.

4.     In the event of any violation of this Order by Defendant, Plaintiff shall be entitled to all available remedies, including but not limited to contempt and monetary relief.

5.     The Court shall retain jurisdiction to enforce this Order.

**IT IS SO ORDERED**.

Date: March 30, 2023

_____

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

4